UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOSEPH FRANCIS SWAIN and
EDITH MAE SWAIN,

                    Debtors.

_____/

EDITH MAE SWAIN,

                Plaintiff,

v.

UNITED STATES DEPARTMENT
OF TREASURY, INTERNAL REVENUE
SERVICE,

                Defendant.

_____/

Case No. 09-55942

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 09-4996

**OPINION REGARDING DEFENDANT'S MOTION TO DISMISS**

      This case presents an issue of subject matter jurisdiction. A Chapter 7 bankruptcy debtor

filed this adversary proceeding seeking a declaration that she does not owe the Internal Revenue

Service ("IRS") any debt for approximately $18,000 in unpaid withholding taxes. The

withholding taxes are owed by a restaurant business that the debtor and her husband operated,

and the debtor fears that the IRS will assess her for such taxes, under the 100% penalty

provisions of 26 U.S.C. § 6672. The debtor states that she is not a responsible person who can be

held liable for such tax penalty under § 6672. The IRS does not concede that, but it has not yet

assessed the debtor for any such penalty. And the debtor and the IRS agree that if and to the

extent the debtor owes any such tax penalty, that debt is nondischargeable in the debtor's Chapter 7 bankruptcy, under Bankruptcy Code § 523(a)(1)(A).

The debtor tries to couch her action as one to determine the dischargeability of a debt. But the IRS disputes that characterization, and argues that the bankruptcy court has no subject matter jurisdiction over the dispute, at least not where (as here) the debtor's Chapter 7 case is a "no asset" case, in which there will be no distribution to creditors.

For the reasons stated below, the Court agrees with the IRS, and will dismiss this adversary proceeding for lack of subject matter jurisdiction.

## I. Background

### A. The Swain bankruptcy case

Plaintiff Edith Swain and her husband Joseph Swain filed a joint voluntary Chapter 7 petition on May 20, 2009.[1] The Swains' Schedule E listed the IRS as a creditor holding disputed, unsecured claims totaling $17,809.55 for the "trust fund portion of payroll taxes due" from the restaurant business jointly operated by the Swains.[2] The Chapter 7 Trustee filed a no-distribution report, also known as "no asset" report, on July 14, 2009. The report stated that the Trustee found no non-exempt property that was available for distribution to creditors. As a result of this, the IRS was not required to file any proof of claim, and it has not done so. The Swains each received a discharge under 11 U.S.C. § 727(a) on August 25, 2009.[3]

### B. Edith Swain's possible debt to the IRS under 26 U.S.C. § 6672

---

[1] Case No. 09-55942, Docket # 1.

[2] *Id.* at Schedule E.

[3] Case No. 09-55942, Docket # 20.

The disputed claim of the IRS listed in the Swains' Schedule E, totaling $17,809.55, refers to Edith Swain's possible liability for a 100% penalty, in the amount of payroll taxes withheld but not paid to the IRS. Such possible liability is based on 26 U.S.C. § 6672(a). Under that statute,

> [a]ny person required to collect, truthfully account for, and pay over any tax imposed by [the Internal Revenue Code] who willfully fails [to do so] . . . shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The parties agree that the IRS has not yet assessed a § 6672 penalty against Ms. Swain, in any amount. Rather, the IRS has only "propose[d] to assess a penalty" against Ms. Swain, and she has protested the proposed assessment. The IRS has forwarded Ms. Swain's protest to its appeals office for consideration.[4]

### C. This adversary proceeding

Edith Swain filed this adversary proceeding, seeking a determination that she is not a responsible person under § 6672 and therefore is not liable for any penalty under that section.[5] The IRS filed a motion to dismiss, arguing that this Court lacks subject matter jurisdiction, and, in the alternative, that the Court should abstain from ruling on Ms. Swain's § 6672 liability, under 28 U.S.C. § 1334(c)(1).[6] The Court held two hearings on the motion, and allowed the parties to file supplemental briefs.

---

[4] Docket # 43, Exhibits 6-A, 6-B; *see also* Defendant's Reply Br. at 3.

[5] Adv. Pro. No. 09-4996, Docket # 1.

[6] Docket # 22, "United States' Motion to Dismiss Or In The Alternative - Abstain." Because the Court is dismissing for lack of subject matter jurisdiction, it is not necessary to discuss the IRS's alternative argument seeking abstention under § 1334(c)(1).

3

## II. Discussion

### A. Standards applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(1)

The IRS brings its motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(h)(3), applicable to this adversary proceeding through Fed. R. Bankr. P. 7012(b). Rule 12(b)(1) permits the defense of "lack of subject-matter jurisdiction" to be asserted by motion. Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In this case, the parties do not dispute any of the facts relevant to the question of subject matter jurisdiction. Therefore, the Court will accept those facts as true for purposes of deciding the motion.

In so doing, however, the Court is not bound to accept conclusions *of law* contained in the plaintiff's complaint, or to accept as true any "allegations or conclusions of law masquerading as factual allegations." *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *1 (S.D. Ohio April 6, 2010)(citing *O'Bryan v. Holy See,* 556 F.3d 361, 376 (6th Cir. 2009)).

### B. Basic principles of bankruptcy court subject matter jurisdiction

"The bankruptcy court is a court of limited jurisdiction. . . . The subject matter jurisdiction of the bankruptcy court is limited to that which [C]ongress specifically grants." *Wasserman v. Immormino (In re Granger Garage, Inc.)*, 921 F.2d 74, 77 (6th Cir.

4

1990)(citations omitted). With a reference from the district court, the bankruptcy court has subject matter jurisdiction over "all cases under title 11," and over "all civil proceedings" (1) "arising under title 11" or (2) "arising in" a case under title 11 or (3) "related to" a case under title 11. *See* 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1); L.R. 83.50(a)(E.D. Mich.).

This Court discussed the meaning of these jurisdictional concepts, in *Allard v. Coenen (In re Trans-Industries, Inc.)*, 419 B.R. 21, 27-28 (Bankr. E.D. Mich. 2009):

> A "case under title 11" refers "merely to the bankruptcy petition itself, filed pursuant to 11 U.S.C. §§ 301, 302, or 303." *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1140 (6th Cir. 1991).
> . . .
> "The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases." *Bliss Technologies, Inc. v. HMI Indus., Inc.* (*In re Bliss Technologies, Inc.*), 307 B.R. 598, 602 (Bankr. E.D. Mich. 2004)(quoting *Wolverine Radio*, 330 B.R. at 1144). These two categories of civil proceedings are "core" proceedings within the meaning of 28 U.S.C. §§ 157(b)(1) and 157(b)(2). *Id.* . . .
>
> Civil proceedings that fall only within the third category of the bankruptcy court's subject matter jurisdiction — its "related to" jurisdiction — are non-core. . . .
>
> The Sixth Circuit has adopted the test articulated in *Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*)*,* 743 F.2d 984, 994 (3d Cir.1984), for determining "related to" jurisdiction:
>
> > "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's

5

> rights, liabilities, options, or freedom of action
> (either positively or negatively) and which in any
> way impacts upon the handling and administration
> of the bankrupt estate."

> *Wolverine Radio*, 930 F.2d at 1142 (emphasis in original)(quoting
> *Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*)*,* 743 F.2d 984, 994 (3d
> Cir.1984)(emphasis in original)); *see also Lindsey v. O'Brien,*
> *Tanski, Tanzer and Young Health Care Providers of Connecticut*
> (*In re Dow Corning Corp.*), 86 F.3d 482, 489, 490 (6th Cir. 1996).
> In enacting § 1334(b), "Congressional intent was 'to grant
> comprehensive jurisdiction to the bankruptcy courts so that they
> might deal efficiently and expeditiously with all matters connected
> with the bankruptcy estate.'" *Id.* (quoting *Celotex Corp. v .*
> *Edwards*, 514 U.S. 300, 308 (1995)).  Proceedings "related to" the
> bankruptcy case include "more than simple proceedings involving
> the property of the debtor or the estate." *Celotex Corp. v .*
> *Edwards*, 514 U.S. at 308.  And such "related to" proceedings
> include even "suits between third parties which have an effect on
> the bankruptcy estate." *Id.* at 308 n.5.  But the Sixth Circuit has
> cautioned against finding "related to" jurisdiction in "situations . . .
> where [there is] an extremely tenuous connection to the estate[.]"
> *See Wolverine Radio,* 930 F.2d at 1142.

419 B.R. at 27-28.

This adversary proceeding is not a "case under title 11."  Rather, it is a "civil proceeding"

within the meaning of 28 U.S.C. § 1334(b), so that, in order for the Court to have jurisdiction,

this adversary proceeding must fit one of the three categories of civil proceedings listed in

§ 1334(b).

### C.  Discussion of the parties' jurisdictional arguments

### 1.  The earlier admission of jurisdiction by the United States

Ms. Swain argues that the IRS's motion to dismiss should be denied because the IRS

previously admitted that the Court has subject matter jurisdiction.  The IRS did this, Ms. Swain

6

says, by admitting, in the Civil Rule 26(f) Report filed by the parties on July 30, 2009, that "[t]his is a core proceeding."[7]

The Court rejected this argument in a bench ruling made during the first hearing on the motion to dismiss, and reiterates that ruling now. The IRS's earlier admission does not preclude its jurisdictional challenge now. As this Court stated, in rejecting a similar argument in *Allard v. Coenen*,

> The parties cannot create subject matter jurisdiction by mere admission or stipulation. "[F]ederal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them. Parties can neither waive nor consent to subject matter jurisdiction[.]" *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1137-38 (6th Cir. 1991)(citation and footnote omitted); *see also Spierer v. Federated Dept. Stores, Inc.* (*In re Federated Dept. Stores, Inc.*), 328 F.3d 829, 833)(6th Cir. 2003)("'parties may not waive . . . or consent to subject matter jurisdiction which a federal court does not properly have.'")(quoting *Universal Consol. Cos. v. Bank of China,* 35 F.3d 243, 247 (6th Cir.1994)). Rather, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

419 B.R. at 28-29 (footnote omitted).

### 2. Section 157(b)(2)(I) and the "core" categories of jurisdiction — "arising under" or "arising in"

#### a. Section 157(b)(2)(I)

Ms. Swain's primary argument for jurisdiction is based on 28 U.S.C. § 157(b)(2)(I). That provision states that "[c]ore proceedings include, but are not limited to — . . . (I) determinations

---

[7] *See* Notice of Filing of Two Reports of Parties' Rule 26(f) Conference (Docket # 16), Ex. 2 at 3.

as to the dischargeability of particular debts."[8]  Ms. Swain contends that this case is such a core

---

[8] Section 157(b)(2) contains a non-exhaustive list of "core" proceedings.  It provides:

(2)     Core proceedings include, but are not limited to--

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate

8

proceeding — *i.e.*, that Ms. Swain is seeking a determination as to the dischargeability of her debt to the IRS. The IRS disputes this.

The parties agree, and it is clear, that if and to the extent Ms. Swain owes *any* debt to the IRS for a penalty under 26 U.S.C. § 6672(a), that debt is fully nondischargeable under 11 U.S.C. § 523(a)(1)(A). Ms. Swain's counsel admitted this in each of the two hearings held on the motion to dismiss.

The nondischargeability of any § 6672(a) debt is clearly established by the combination of two sections of the Bankruptcy Code — 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(C). As the IRS correctly stated in one of its briefs:

> Section 523(a)(1)(A) of the Bankruptcy Code provides that:
>
>> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–
>> (1) for a tax or a customs duty–
>>> (A) of the kind and for the periods specified in section 507(a)[3] or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed . . . .
>
> Section 507 establishes the priorities of claims against a debtor. One such claim is "a tax [of a governmental unit] required to be collected or withheld and for which the debtor is liable in whatever capacity . . . ." 11 U.S.C. § 507(a)(8)(C). Consequently, as the IRS's § 6672(a) penalty assessment comes within the definition of § 507(a)(8)(C), it is excepted from the § 727(b) discharge and

---

or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

courts have uniformly held that the § 6672(a) penalty is a
nondischargeable debt. (citations omitted)[9]

Viewing the case in this light, the Court concludes that Ms. Swain is *not* seeking a
"determination[] as to the dischargeability of [a] particular debt[]" within the meaning of
§ 157(b)(2)(I). Rather, in substance, Ms. Swain is seeking *only* a determination that she does not
owe a debt to the IRS at all. There is no dispute here, and therefore no case or controversy, over
whether the debt, *if* it exists, is nondischargeable. It is undisputed, and absolutely clear, that if
and to the extent the debt exists, it is fully nondischargeable.

This adversary proceeding, therefore, does not ask the Court to determine any
*dischargeability* issue. Rather, it asks the Court to resolve *only* the parties' possible dispute[10]
over Ms. Swain's liability for a debt, and, possibly, the amount of that debt. For this reason,
§ 157(b)(2)(I) does not apply.

**b. Cases on point**

There is case law to support the Court's conclusion here, and there is also contrary case
law.[11] A supportive case directly on point is *Ronning v. United States (In re Ronning)*, No. 97 A

---

[9]  Defendant's Br. in Supp. of Mot. to Dismiss (Docket # 22), at 4 (citations omitted).

[10]  It is not even certain at this point that this possible dispute will turn into an actual dispute. As
described in Part I-B of this opinion, the IRS has not yet actually assessed any § 6672 penalty against
Edith Swain.

[11]  There are also several reported cases in which the court did not discuss subject matter
jurisdiction, but chose to abstain from deciding the tax dispute under 28 U.S.C. § 1334(c)(1). *See, e.g.,
In re Stone*, 329 B.R. 882, 885-86 (Bankr. M.D. Fla. 2005); *Williams v. United States (In re Williams)*,
190 B.R. 225, 227-29 (Bankr. W.D. Pa. 1995); *see also United States v. Paolo*, No. C.A. 08-482ML,
2009 WL 2208094, at *3, *5 (D.R.I. July 23, 2009), *appeal dismissed*, 2010 WL 3491163 (1st Cir.
September 8, 2010)(district court reversed bankruptcy court decision not to abstain, ordered bankruptcy
court to abstain, and also questioned, but did not decide, subject matter jurisdiction); *Kohl v. IRS (In re
Kohl)*, 397 B.R. 840, 844-46 (Bankr. N.D. Ohio 2008)(finding subject matter jurisdiction but abstaining).

10

5168, 1998 WL 667907 (Bankr. N.D. Ill. August 17, 1998).  In *Ronning,* the debtors in a no-asset

Chapter 7 case filed an adversary proceeding against the IRS.  In Count I of their complaint, the

debtors challenged their liability for payroll taxes under 26 U.S.C. § 6672.  The debtors conceded

that any debt under § 6672, to the extent it existed, was nondischargeable.  The court rejected the

debtors' argument that the court had jurisdiction under 28 U.S.C. § 157(b)(2)(I).  The court held

that because the debtors admitted that a § 6672 tax claim is nondischargeable, "Count I does not

involve the determination of dischargeability."  *Ronning*, 1988 WL 667907.  The court dismissed

Count I for lack of subject matter jurisdiction.  *Id.*

There are at least two reported bankruptcy court cases that take a different view.  Despite

the fact that dischargeability is not at issue in a case like this, these cases hold that such a case *is*

a proceeding seeking a "determination[] as to the dischargeability of [a] particular debt[]" within

the meaning of § 157(b)(2)(I).  *See Kohl v. IRS (In re Kohl)*, 397 B.R. 840, 844 (Bankr. N.D.

Ohio 2008); *Cook v. Internal Revenue Service (In re Cook)*, 230 B.R. 475, 477 (Bankr. D. Conn.

1999).  The Court respectfully disagrees with these cases, and instead agrees with the *Ronning*

case.

In the *Kohl* case, the bankruptcy court held that the action was a proceeding to determine

"the dischargeability of particular debts" within the meaning of § 157(b)(2)(I), because the

debtors' complaint alleged that the tax penalty debt at issue "should be found to be

dischargeable." 397 B.R. at 844.  The court reasoned that this was "a well-pled complaint" in

which the debtors sought relief covered by § 157(b)(2)(I), so jurisdiction existed.  *Id.*  But later in

its opinion, in discussing why it would abstain from deciding the tax dispute before it, the *Kohl*

11

court noted that the debtors "do not contest" that "this type of debt is a nondischargeable obligation" under Bankruptcy Code §§ 507(a)(8)(C) and 523(a)(1)(A). *Id.*

The Court disagrees with the reasoning of *Kohl*. In determining whether it has subject matter jurisdiction, this Court is not bound by allegations *of law* made in the debtor's complaint, such as an allegation that a particular kind of debt is dischargeable. *See* discussion in Section II-A of this opinion. Nor is there subject matter jurisdiction simply because the debtor's complaint prays for a judgment determining that a particular debt is dischargeable, at least not when such a debt is so clearly *not* dischargeable, as a matter of law. The Court will discuss these concepts in the context of the complaint filed in this case.

In this case, the debtor Edith Swain alleges in her complaint, in detail, why she is *not liable* for any of the § 6672 tax penalty at issue, and her prayer for relief includes a request for a judgment that she "is not liable for" the tax penalty at issue.[12] But the complaint also alleges that the debt is "dischargeable" under "the provisions of 11 U.S.C. Section 523(a)(1), (7), and (14)," and prays for a judgment "determining that any obligation due from Plaintiff" to the IRS "is dischargeable."[13]

Ms. Swain's allegation that the debt at issue is dischargeable under Bankruptcy Code §§ 523(a)(1), (a)(7), and (a)(14) is an allegation *of law*, which the Court is not bound to accept as correct in deciding whether it has subject matter jurisdiction. And this allegation is clearly incorrect, as discussed above, as Ms. Swain now concedes.

---

[12] Compl. (Docket # 1) at 1-2 ¶¶ 3-5, and 2.

[13] *Id.* at 2 ¶¶ 6, 2.

12

The complaint's prayer for a judgment determining that the tax penalty debt at issue is nondischargeable does not make this a proceeding involving a "determination[] as to the dischargeability of [a] particular debt[]" within the meaning of § 157(b)(2)(I). Even though the complaint prays for a determination that the tax penalty debt at issue is dischargeable, under Supreme Court case law, that is insufficient to create jurisdiction, because that request for relief is "wholly insubstantial," "implausible," and "completely devoid of merit."

In the context of determining whether a plaintiff's claim is sufficient to create "federal question" jurisdiction under 28 U.S.C. § 1331,[14] the Supreme Court has established the following principles:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case. As we stated in *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," *id.,* at 685, 66 S.Ct., at 777, **unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."** *Id.,* at 682-683, 66 S.Ct., at 776; see also *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 285, 113 S.Ct. 753, 767-768, 122 L.Ed.2d 34 (1993); *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411-412, 57 L.Ed. 716 (1913). Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only **when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit**

---

[14] That section states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

> **as not to involve a federal controversy.**" *Oneida Indian Nation*
> *of N.Y. v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 777,
> 39 L.Ed.2d 73 (1974); see also *Romero v. International Terminal*
> *Operating Co.,* 358 U.S. 354, 359, 79 S.Ct. 468, 473, 3 L.Ed.2d
> 368 (1959).

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)(emphasis added, some

citations omitted).

Applying these principles to this case, the Court concludes that Ms. Swain's complaint

allegation that the tax penalty debt is dischargeable, and her prayer for a judgment so

determining, "clearly appear[] to be immaterial and made solely for the purpose of obtaining

jurisdiction," and are "so insubstantial, implausible, . . . or otherwise completely devoid of merit

as not to involve a federal controversy."[15]  *See Steel Co.*, 523 U.S. at 89.  As a result, this

allegation and this prayer for relief are insufficient to make this proceeding one to determine

dischargeability under 28 U.S.C. § 157(b)(2)(I).

For these reasons, the Court respectfully disagrees with the jurisdictional holding in the

*Kohl* case.

The Court also disagrees with the second reported decision supporting Ms. Swain's

position, *Cook v. Internal Revenue Service (In re Cook)*, *supra*.  In the *Cook* case, in a situation

similar to that in this case, the bankruptcy court held that the action was a proceeding to

determine "the dischargeability of particular debts" within the meaning of § 157(b)(2)(I).  It is

unclear whether the plaintiff Chapter 7 debtor in *Cook* conceded that the tax penalty debt in that

---

[15]  This conclusion is bolstered by the fact that in response to the IRS's motion to dismiss, Ms. Swain's counsel has conceded that the debt at issue is fully nondischargeable, to the extent it exists. Thus, despite the wording of her complaint, Ms. Swain has made clear that she does *not* actually seek a determination that the debt at issue is dischargeable.

14

case was nondischargeable, but he did assert in his complaint that he was not liable for the debt. In its motion to dismiss for lack of subject matter jurisdiction, the IRS argued, among other things, that the debt at issue was nondischargeable as a matter of law, under Bankruptcy Code §§ 523(a)(1) and 507(a)(8)(C). The court in *Cook* rejected this argument. It reasoned, without discussion or authority, that "[a] determination that a tax is nondischargeable obviously requires proof from the defendant that the debtor is liable for its payment," and no court had yet determined such liability. 230 B.R. at 476. The court then held, without further explanation or authority, that the action was one to determine dischargeability under § 157(b)(2)(I). *Id.* at 476-77. The *Cook* court distinguished the *Ronning* case, saying that *Ronning* "is inapposite inasmuch as the dischargeability of the debt was not at issue." *Id.* at 477.

The Court must disagree with the reasoning in *Cook*. It is clear that the type of tax penalty debt at issue in this case, in *Cook*, and in *Ronning*, is fully nondischargeable, if and to the extent the debtor is liable for the debt. Also, the Court does *not* need to determine whether, or to what extent, the Chapter 7 debtor is actually liable for such a debt, in order to determine that any such debt is fully nondischargeable.

For these reasons, the Court agrees with the decision in *Ronning*, and disagrees with the decisions in *Kohl* and *Cook*, and holds that this is not a proceeding to determine the dischargeability of a debt under 28 U.S.C. § 157(b)(2)(I).

### c. The Sixth Circuit's definition of a core proceeding

The Court's conclusion that § 157(b)(2)(I) does not apply here is reinforced by the fact that this proceeding does not meet the Sixth Circuit's definitions of when a proceeding is deemed to be one "arising under title 11" or one "arising in" a case under title 11, within the meaning of

28 U.S.C. § 1334(b). Under Sixth Circuit case law, if this proceeding does *not* fall within such

definitions, it cannot be considered a core proceeding under any of the subsections of

§ 157(b)(2). As this Court observed in *Allard v. Coenen*:

> Under Sixth Circuit case law, because this adversary proceeding does not meet either the "arising under" or "arising in" jurisdictional requirements of 28 U.S.C. § 1334(b), it necessarily cannot fall within 28 U.S.C. § 157(b)(2)(A) or §157(b)(2)(O), the two statutory *examples* of core proceedings on which Allard relies. *See Wolverine Radio*, 930 F.2d at 1144 ("if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding")(citing *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 97 (5th Cir. 1987)).

419 B.R. at 30-31.

This is not a proceeding "arising under title 11," nor is it one "arising in a case under title

11." This proceeding is not one "arising under title 11" because it does not "involve a cause of

action created or determined by a statutory provision of title 11." *See Bliss Technologies, Inc. v.*

*HMI Indus. Inc.* (*In re Bliss Technologies, Inc.*), 307 B.R. 598, 602 (Bankr. E.D. Mich.

2004)(quoting *Wolverine Radio*, 930 F.2d at 1144). In substance, Ms. Swain seeks only a

determination that she owes no debt to the IRS for a tax penalty under 26 U.S.C. § 6672. The

only matter in dispute in this case will be determined by federal non-bankruptcy law, namely the

Internal Revenue Code (title 26), rather than any provision of the Bankruptcy Code (title 11).

This proceeding is not one "arising in a case under title 11," because the claim asserted

is not a claim that "by [its] very nature, could arise only in bankruptcy cases." *See Bliss*

*Technologies,* 307 B.R. at 602 (citing *Wolverine Radio*, 930 F.2d at 1144); s*ee also GAF*

*Holdings, LLC v. Rinaldi* (*In re Farmland Indus., Inc.*), 567 F.3d 1010, 1018 (8th Cir.

16

2009)(same).  Ms. Swain's claim seeking a determination of her non-liability for a tax penalty

under 26 U.S.C. § 6672, of course, can exist outside of bankruptcy.

Edith Swain may litigate this tax dispute in the United States District Court, by paying at

least a small portion of the tax in question, then filing suit for a refund.[16]  28 U.S.C. § 1346(a)(1)

"provides a waiver of sovereign immunity in a civil action for the recovery of taxes erroneously

or illegally collected" and "provides concurrent jurisdiction for tax recovery suits in both U.S.

district courts and the Court of Federal Claims."  *Roberts v. U.S.*, 242 F.3d 1065, 1067 (Fed. Cir.

2001). There are three prerequisites to filing a refund suit.  Ms. Swain must first pay an amount

"of the penalty assessment attributable to a single employee's withholding tax . . . ."  *Leeke v.*

*United States*, 737 F. Supp. 1013, 1015 (S.D. Ohio 1990)(citing *Flora v. United States*, 357 U.S.

63 (1958), *aff'd on rehearing*, 363 U.S. 145 (1960)); *Steele v. United States*, 280 F.2d 89, 91

(8th Cir. 1960).  She next must file an administrative refund claim with the IRS.  *Roberts*, 242

F.3d at 1065 (citing 26 U.S.C. § 7742(a)).  "The administrative claim must be either disallowed

or not acted upon within six months after it was filed with the IRS," and then a refund suit may

be filed.  *Roberts,* 242 F.3d at 1067 (citing 26 U.S.C. § 6532(a)(1)).

---

[16]  Another possible forum in which Ms. Swain may be able to litigate her dispute with the IRS is
the United States Tax Court.  It appears that Ms. Swain may resort to the Tax Court by an appeal from a
levy or collection proceeding initiated by the IRS, if and when that happens.  On the one hand, courts
have held that the Tax Court has no jurisdiction over pre-assessment liability of a § 6672 penalty,
*Boynton v. United States*, 566 F.2d 50, 53 (9th Cir. 1977) (citations omitted); *see also Jackling v. I.R.S.*,
352 F. Supp. 2d 129, 132 (D.N.H. 2004)("[T]he Tax Court lacks jurisdiction over trust fund recovery
penalties . . . .") (citations omitted).  On the other hand, it appears that recent changes to 26 U.S.C.
§ 6330(d) now provide the Tax Court with jurisdiction over appeals from levy or collection proceedings
initiated by the IRS, regardless of the fact that the underlying tax liability is a § 6672 trust fund penalty.
*Ginsberg v. C.I.R.*, 130 T.C. 88, 91-92, 2008 WL 1864956 (2008)(citing Pension Protection Act of 2006,
Pub. L. 190-280, 120 Stat. 780).

Because this adversary proceeding does not meet either the "arising under" or "arising in" jurisdictional requirements of 28 U.S.C. § 1334(b), it necessarily cannot fall within 28 U.S.C. § 157(b)(2)(I), the statutory *example* of a core proceeding on which Ms. Swain relies.

**d. The *Longo* and *Patel* cases**

Ms. Swain cites two Sixth Circuit cases in her effort to characterize this as a proceeding to determine dischargeability under § 157(b)(2)(I) — *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965-66 (6th Cir. 1993) and *Patel v. Shamrock Floorcovering Services, Inc. (In re Patel)*, 565 F.3d 963 (6th Cir. 2009). But neither of these cases supports Ms. Swain's argument.

In the *Longo* case, the Sixth Circuit held that in a dischargeability proceeding under Bankruptcy Code § 523(a), the bankruptcy court has jurisdiction and authority not only to determine the dischargeability of a debt, but also to "adjudge the validity and amount of" the claimed debt. 3 F.3d at 965. In *Longo*, however, there was a bona fide dispute about the dischargeability of the debt at issue, under the fraud provisions of § 523(a)(2)(A). The actual dispute between the parties was not limited simply to the debtor's liability for an admittedly nondischargeable debt, or the amount of such debt, as it is in this case. Thus, the holding in *Longo* does not require a holding that there is jurisdiction in this case.

The *Patel* case involved a Chapter 7 debtor's liability for violation of the Michigan Builders Trust Fund Act by a Chapter 7 debtor, and whether such liability created a nondischargeable debt under Bankruptcy Code § 523(a)(4), for "defalcation while acting in a fiduciary capacity." Ms. Swain tries to draw a parallel between this case and *Patel*, in which the court considered the merits and thereby at least implicitly found jurisdiction. But in *Patel*, unlike this case, there was a bona fide dispute over *both* issues — *i.e.*, whether the debtor was liable to

18

the creditor for violating the Michigan statute (and if so, the amount of such debt); *and* if so, whether such debt was one for "defalcation while acting in a fiduciary capacity" within the meaning of § 523(a)(4). The Sixth Circuit answered both questions in the creditor's favor.

Unlike this case, *Patel* did not involve a dispute limited solely to the Chapter 7 debtor's liability for the debt and the amount of such debt. As the Sixth Circuit's opinion in *Patel* makes clear, once those issues were resolved in favor of the creditor, there still remained a dispute as to whether that debt was nondischargeable under § 523(a)(4). The Sixth Circuit did *not* hold, as Ms. Swain suggests, that a debt for violation of the Michigan statute is automatically nondischargeable under § 523(a)(4).[17] Rather, the court held that the dischargeability of such a debt depends on whether the debtor's violation of the Michigan statute (by misusing or failing to properly account for trust funds) was "the result of mere negligence or a mistake of fact." If it was, there was no "defalcation" within the meaning of § 523(a)(4). If it was not, or if the debtor's failing to properly account for such funds was "objectively reckless," then there *was* such "defalcation" and the debt is nondischargeable. 565 F.3d at 970-71.

Thus, the *Longo* and *Patel* cases both involved a bona fide dispute over the dischargeability of a debt, not just the debtor's liability for the debt. So they are different from this case, and do not support Ms. Swain's jurisdictional argument.

### 3. "Related to" jurisdiction

As discussed in Part II-B of this opinion, the Sixth Circuit has adoped the *Pacor* test for determining whether a proceeding is "related to" the bankruptcy case. The test for such "related

---

[17] This makes the situation in *Patel* unlike that in this case. As discussed above, the debt at issue in this case is automatically nondischargeable, as a matter of law, if and to the full extent it exists.

to" jurisdiction under 28 U.S.C. §§ 1334(b) and 157(a) is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." The test requires that the proceeding in some way can "impact[] upon the handling and administration of the bankrupt estate." *See* discussion in Part II-B above, quoting *Allard v. Coenen (In re Trans-Industries, Inc.)*, 419 B.R. 21, 28 (Bankr. E.D. Mich. 2009); *see also Community Bank of Homestead v. Boone (In re Boone)*, 52 F.3d 958, 960, 961 (11th Cir. 1995)("related to" jurisdiction requires that a bankruptcy debtor's claim "must affect the estate, not just the debtor").

The outcome of this adversary proceeding cannot "conceivably have any effect on the estate being administered" in the Swains' pending bankruptcy case. Nor can this adversary proceeding in any way "impact upon the handling and administration of the bankrupt estate." As noted in Part I-A of this opinion, the Chapter 7 Trustee filed a no-distribution report in the Swains' bankruptcy case on July 14, 2009, stating that the Trustee found no non-exempt property that was available for distribution to creditors. It is clear that there will be no distribution to any creditors in the Swains' bankruptcy case. A determination as to whether the Debtor Edith Swain owes the IRS a tax penalty under 26 U.S.C. § 6672(a), therefore, can have no impact on the handling or administration of the bankruptcy case. No matter what the outcome of that dispute is, the creditors in the Swains' bankruptcy case will get no distribution. The Swains have received their Chapter 7 discharge, and regardless of the outcome of the dispute between Edith Swain and the IRS, there is nothing more to be done in the Swains' bankruptcy case.

For these reasons, the Court does not have "related to" subject matter jurisdiction over this adversary proceeding.

### 4. Bankruptcy Code § 505(a)(1)

Ms. Swain cites § 505(a)(1) of the Bankruptcy Code, which states, in pertinent part, the general rule that, with exceptions not applicable here, "the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, [and] whether or not paid. . .." 11 U.S.C. § 505(a)(1). But this section of the Bankruptcy Code is not an independent grant of subject matter jurisdiction. It is not a jurisdictional section at all. *Cf. Wasserman v. Immormino (In re Granger Garage, Inc.)*, 921 F.2d 74, 77 (6th Cir. 1990)(holding that "[n]either § 363(e) or § 105(a) [of the Bankruptcy Code] are jurisdictional provisions"). And "[t]he subject matter jurisdiction of the bankruptcy court is limited to that which Congress specifically grants." *Id.* (citation omitted). Thus, in order to exercise the authority to determine a tax or tax penalty under § 505(a)(1), the bankruptcy court must have subject matter jurisdiction over the proceeding under one of the specific jurisdictional provisions in 28 U.S.C. §§ 1334(b) and 157(a). The Court has already discussed each of those provisions, and concluded that none of them give the Court jurisdiction over the tax dispute in this adversary proceeding.

Section 505(a)(1) of the Bankruptcy Code does not change that conclusion. Section 505(a)(1) does not make this proceeding one (1) "arising under title 11" or (2) "arising in" a case under title 11 or (3) "related to" a case under title 11. First, § 505(a)(1) does not make this proceeding one "arising under title 11," because it does not make this proceeding "involve a cause of action created or determined by a statutory provision of title 11." *See Bliss Technologies, Inc.*, 307 B.R. at 602 (quoting *Wolverine Radio*, 930 F.2d at 1144). Section 505(a)(1) does not "create" or "determine" a cause of action — the cause of action involved in

this dispute is created and determined by a provision of the title 26, the Internal Revenue Code (26 U.S.C. § 6672(a)), not by any provision of title 11.

Second, § 505(a)(1) does not make this proceeding one "arising in a case under title 11," because it does not make the claim asserted one that "by [its] very nature, could only arise in bankruptcy cases." *See Bliss Technologies,* 307 B.R. at 602 (quoting *Wolverine Radio*, 930 F.2d at 1144). Rather, this type of tax dispute obviously can and does arise outside of bankruptcy cases, as discussed in more detail in Part II-C-2-c of this opinion.

Third, § 505(a)(1) does not make this proceeding one "related to" a case under title 11, because it does not change the fact that the outcome of this adversary proceeding cannot conceivably have any effect on the estate in the Swains' bankruptcy case.[18]

Thus, § 505(a)(1) does not give this Court subject matter jurisdiction in this adversary proceeding.

### 5. Ms. Swain's bankruptcy "fresh start"

---

[18] Several courts have observed, based in part on the legislative history of § 505(a)(1), that there are two intended purposes of § 505(a), *neither of which applies in a no-asset bankruptcy case*:

> Section 505(a) was enacted with a couple of aims in mind. First, in order to facilitate the bankruptcy goal of **expediting the administration of claims against the estate**, § 505 was enacted to provide a forum for the speedy resolution of disputed tax claims so as **to avoid any delay in the administration of the bankruptcy case.** In addition, Congress also sought to address a specific concern through the enactment of § 505(a)(1): **to protect creditors from the dissipation of estate assets** which could result if creditors were bound by [a] tax judgment which the debtor, due to his ailing financial condition, did not contest.

*Kohl*, 397 B.R. at 845 (emphasis added; citations omitted); *see also Paolo*, 2009 WL 2208094, at *4 (same, citing cases and legislative history).

As noted above, Ms. Swain has received a discharge in her Chapter 7 case.  She argues that the "fresh start" that Congress intended her to have, by obtaining a Chapter 7 discharge, will be frustrated if she is required to litigate her tax dispute in a refund suit in the United States District Court, rather than in the bankruptcy court.  She asserts that it will be more difficult, expensive, and time-consuming if she has to litigate in the district court, as non-bankruptcy taxpayers must do.  But the bankruptcy court cannot decide a tax dispute over which it lacks subject matter jurisdiction.  And, of course, a bankruptcy debtor's "fresh start" is by definition limited, in ways that Congress chose, such as when Congress (1) expressly provided that certain debts are nondishargeable in bankruptcy; and (2) defined and limited the bankruptcy court's jurisdiction in the way it has.

## III.  Conclusion

For the reasons stated in this opinion, the Court must dismiss this adversary proceeding for lack of subject matter jurisdiction.  The Court will enter a separate order.

**Signed on September 24, 2010**                    **/s/ Thomas J. Tucker**
                                                    **Thomas J. Tucker**
                                                    **United States Bankruptcy Judge**